[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 04-10436

———————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-01675 CV-T-26-MAP

MICHELLE MACOLA,

                                                        Plaintiff-Appellant,

INGE QUIGLEY,

                                                        Consolidated Plaintiff-Appellant,

versus

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

                                                        Defendant-Appellee.

———————————————

Appeals from the United States District Court
for the Middle District of Florida

———————————————

**(April 11, 2007)**

Before ANDERSON and  WILSON, Circuit Judges, and OWENS,[*] District Judge.

PER CURIAM:

———————————————

[*] Honorable Wilbur D. Owens, Jr., United States District Judge for the Middle District of
Georgia, sitting by designation.

Plaintiffs Michelle Macola and Inge Quigley brought this consolidated bad faith action against Government Employee Insurance Company ("GEICO") after it failed to settle with Macola within the policy limits when it had the opportunity to do so. The district court held that GEICO's offer of the policy limits to Macola before the verdict was entered in Macola's suit against GEICO's insured, Quigley, cured the bad faith. The district court thus dismissed the action. On appeal, we certified two questions to the Florida Supreme Court:

> (1) IN THE CONTEXT OF A THIRD PARTY BAD FAITH CLAIM WHERE THERE IS A POSSIBILITY OF AN EXCESS JUDGMENT, DOES AN INSURER "CURE" ANY BAD FAITH UNDER § 624.155 WHEN, IN RESPONSE TO A CIVIL REMEDY NOTICE, IT TIMELY TENDERS THE POLICY LIMITS AFTER THE INITIATION OF A LAWSUIT AGAINST ITS INSURED BUT BEFORE THE ENTRY OF AN EXCESS JUDGMENT?
>
> (2) IF SO, DOES SUCH A CURE OF THE STATUTORY BAD FAITH CLAIM CONSTITUTE A FULL SATISFACTION OF THE JUDGMENT SUCH THAT THE INSURED AND DERIVATIVE INJURED THIRD PARTIES ARE BARRED FROM BRINGING A COMMON LAW BAD FAITH CLAIM TO RECOVER THE DIFFERENCE BETWEEN THE POLICY LIMITS AND THE EXCESS JUDGMENT?

Macola v. Government Employees Ins. Co., 410 F.3d 1359, 1365 (11th Cir. 2005).

The Florida Supreme Court rephrased the questions as a single question:

> DOES THE TENDERING OF THE POLICY LIMITS BY AN

2

INSURER IN RESPONSE TO THE FILING OF A CIVIL REMEDY NOTICE UNDER SECTION 624.155, FLORIDA STATUTES (2005), BY THE INSURED AFTER THE INITIATION OF A LAWSUIT AGAINST THE INSURED BUT BEFORE ENTRY OF AN EXCESS JUDGMENT PRECLUDE A COMMON LAW BAD FAITH CAUSE OF ACTION BY THE INSURED AND INJURED THIRD PARTIES?

Macola v. Government Employees Ins. Co., __ So.2d __, 2006 WL 3025757 (Fla. 2006). The court analyzed the Florida statute relied upon by the district court, Fla. Stat. § 624.155(3)(d), and the common law regarding bad faith actions. The court concluded that the statute's provision of a cure for bad faith did not apply to third party actions like the one before us and held "that an insurer's tender of the policy limits to an insured in response to the filing of a civil remedy notice under section 624.155 by the insured, after the initiation of a lawsuit against the insured but before entry of an excess judgment, does not preclude a common law cause of action against the insurer for third-party bad faith." Id. at ___.

Therefore, because the Florida Supreme Court has answered this question in the negative, we reverse the district court's order granting summary judgment to GEICO and remand for further proceedings consistent with the Florida Supreme Court's decision.

**REVERSED AND REMANDED.**

3